[Cite as *State ex rel. Thomas v. Dept. of Rehab. & Corr.*, 2019-Ohio-386.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. | : | |
| Shawn Thomas, | | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No. 18AP-535 |
| | : | |
| Ohio Department of Rehabilitation | | (REGULAR CALENDAR) |
| and Correction, | : | |
| | | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on February 7, 2019

---

*Shawn Thomas,* pro se.

[*Dave Yost*], Attorney General, and *Jared S. Yee,* for respondent.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

BRUNNER, J.

{¶ 1} Relator, Shawn Thomas, an inmate of the Richland Correctional Institution, commenced this original action requesting a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to vacate the finding of a prison hearing officer that Thomas was guilty of violating a prison rule. For the reasons that follow, we adopt the magistrate's decision and sua sponte dismiss this action.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Thomas filed his complaint in mandamus on July 5, 2018. On July 30, 2018, ODRC filed a motion to dismiss for failure to state a claim upon which relief can be granted. ODRC further requested that Thomas be assessed the costs of this action. On August 14, 2018, Thomas filed a document captioned "Relator's Opposition Against Motion to Dismiss."

{¶ 3}    This Court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  On August 14, 2018, the magistrate issued a decision, including findings of facts and conclusions of law.  The magistrate determined that Thomas had failed to file with his complaint a statement of the institutional cashier that fully complied with R.C. 2969.25(C)(1), which requires a statement setting forth the balance in Thomas' inmate account for *each* of the six months preceding the filing of his complaint.  The magistrate concluded Thomas had failed to satisfy the mandatory filing requirements of R.C. 2969.25(C)(1) and recommended sua sponte dismissal of this action.

{¶ 4}    Also on August 14, 2018, the magistrate issued an order denying ODRC's motion to dismiss on the basis of mootness.

{¶ 5}    Thomas filed no objections to the magistrate's decision.

## II. LAW AND DISCUSSION

{¶ 6}    It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory and cannot be cured after-the-fact. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.  Failure to comply fully with R.C. 2969.25(C)(1) warrants dismissal of the complaint.  *State ex rel. Pamer v. Collier,* 108 Ohio Std.3d 492, 2006-Ohio-1507, ¶ 5.

{¶ 7}    While Thomas did provide an affidavit of indigency and a statement of his inmate account, the statement does not set forth the balance of his inmate account for *each* of the preceding six months, as required by the statute.  Specifically, it covers the month of June only through June 6, 2018, while his petition was filed in July 2018 less than one month after the final accounting date in the statement.  Unfortunately, the language in the statute is mandatory and renders his petition inadequate for our review and consideration.  "When the petitioner's cashier statement does not set forth the account balance for the month immediately preceding [petitioner's] mandamus complaint, his failure to comply with R.C. 2969.25(C)(1) warrants dismissal of the complaint." *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 10, citing *State ex rel. Pamer* at ¶ 5, citing *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, ¶ 5.

{¶ 8}    Thomas failed to comply with the mandatory requirements of R.C. 2969.25(C)(1), and his petition for a writ of mandamus warrants dismissal.

## III.  CONCLUSION

{¶ 9}    Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  On review of the magistrate's decision, an independent review of the record and the applicable law, we dismiss this action sua sponte.  Inasmuch as Thomas did not prevail and did not establish indigency, this Court orders him to pay the costs of the proceedings.

*Petition for writ of mandamus dismissed;*
*motion to dismiss moot.*

**DORRIAN and LUPER SCHUSTER, JJ., concur.**

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Shawn Thomas, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-535 |
| | : | |
| Ohio Department of Rehabilitation<br>and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on August 14, 2018**

*Shawn Thomas,* pro se.

*Michael DeWine*, Attorney General, and *Jared S. Yee,* for respondent.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 10} In this original action, relator, Shawn Thomas, an inmate of the Richland Correctional Institution ("RCI"), requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to vacate the finding of a prison hearing officer that found relator guilty of violating a prison rule.

Findings of Fact:

{¶ 11} 1. On July 5, 2018, relator, an RCI inmate, filed this original action against respondent.

{¶ 12} 2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 13} 3. With his complaint, relator did file a document captioned "Financial Disclosure/Affidavit of Indigency."

{¶ 14} 4. With his complaint, relator also submitted a six-page document captioned "Richland Correctional Institution, Inmate Demand Statement" ("IDS").

{¶ 15} The IDS presents a "Date Range: 01/01/2018 through 06/06/2018." Thereunder, the IDS presents transaction entries beginning with the first entry on January 1, 2018 and ending with the last entry on June 1, 2018.

{¶ 16} Some 72 entries are listed in chronological order. In the last entry on June 1, 2018, $0.62 is listed as the "Saving Balance."

Conclusions of Law:

{¶ 17} It is the magistrate's decision that this court sua sponte dismiss this action for relator's failure to satisfy the mandatory filing requirements set forth at R.C. 2969.25(C).

> R.C. 2969.25(C) provides:
>
> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 18} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio had occasion to apply R.C. 2969.25(C)(1) to the cashier statement at issue in that case. George D. Pamer had filed a mandamus action on September 19, 2005 in the Court of Appeals for Medina County. In affirming the judgment of the Medina County Court of Appeals, the Supreme Court explained:

> Pamer moved for waiver of the prepayment of fees to file his mandamus action and submitted an affidavit of indigency and

a statement certified by his prison cashier showing his inmate account for the period from March 1, 2005, through August 1, 2005.

On October 14, 2005, the court of appeals dismissed Pamer's complaint for failure to comply with the requirements of R.C. 2969.25(C). The court of appeals also ordered Pamer to pay costs.

We affirm the judgment of the court of appeals. Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005 Ohio 6184, 837 N.E.2d 777, P5.

In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

Finally, because Pamer did not prevail and he did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 2001 Ohio 197, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at 493.

{¶ 19} The *Pamer* case is instructive here.

{¶ 20} Because relator filed this original action on July 5, 2018, he was required by R.C. 2969.25(C) to file with his complaint a statement of the institutional cashier setting forth the balance in his inmate account "for each of the preceding six months," which includes June 2018. However, as indicated by the so-called "Date Range," only entries through June 6, 2018 are included in the IDS.

{¶ 21} Based on *Pamer*, the magistrate concludes that relator failed to satisfy the mandatory filing requirements of R.C. 2969.25(C)(1). *See Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079.

{¶ 22} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.


/S/ MAGISTRATE
KENNETH W. MACKE


## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).