THE STATE EX REL. RIDENOUR, APPELLANT, *v.* BRUNSMAN, WARDEN, APPELLEE.

[Cite as *State ex rel. Ridenour v. Brunsman,*
117 Ohio St.3d 260, 2008-Ohio-854.]

(No. 2007–1831—Submitted February 27, 2008—Decided March 5, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an inmate's complaint for a writ of mandamus. Because the inmate failed to comply with R.C. 2969.25, we affirm.

{¶ 2} In August 2007, appellant, William L. Ridenour, an inmate at Chillicothe Correctional Institution, filed a complaint in the Court of Appeals for Ross County. Ridenour requested a writ of mandamus to compel appellee, Warden Timothy Brunsman, to provide Ridenour with "adequate clothing in the form of a raincoat, rubber over-shoes and thermal underwear for inclement weather at State expense." Ridenour requested waiver of prepayment of the court's full filing fees and included a statement purporting to set forth the balance in his inmate account for the preceding six months, but the statement was not certified by the institutional cashier as required by R.C. 2969.25(C)(1). The court of appeals sua sponte dismissed Ridenour's complaint for failure to comply with R.C. 2969.25(C).

{¶ 3} Ridenour later filed a motion for reconsideration of the court of appeals' dismissal of his mandamus action. Ridenour attached a statement setting forth his inmate account for the six months preceding his complaint, but this statement was again not certified by the prison cashier. The court of appeals denied Ridenour's motion.

{¶ 4} This cause is now before the court upon Ridenour's appeal as of right from the dismissal of his mandamus complaint.

{¶ 5} We affirm the judgment of the court of appeals. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

{¶ 6} Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush,* 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

William L. Ridenour, pro se.

Marc Dann, Attorney General, and Laura D. Wood, Assistant Attorney General, for appellee.