[Cite as *State ex rel. Cvijetinovic v. Warden, Belmont Corr. Inst.*, 2011-Ohio-5575.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel.<br>ALEKSANDAR CVIJETINOVIC, | ) ) ) | |
| RELATOR, | ) ) | CASE NO. 10-BE-23 |
| V. | ) ) | |
| WARDEN, BELMONT CORRECTIONAL<br>INSTITUTION, | ) ) ) | OPINION<br>AND<br>JUDGMENT ENTRY |
| RESPONDENT. | ) ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus

JUDGMENT:     Dismissed

APPEARANCES:
For Relator

Aleksandar Cvijetinovic – pro-se
368-271
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

For Respondent

Marianne Henmeter
Assistant Attorney General
Office of the Ohio Atty. General
150 E. Gay St., 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: October 25, 2011

PER CURIAM.

{¶1}   Relator Aleksandar Cvijetinovic, proceeding pro se, has filed this original action asking for a writ of mandamus compelling respondent warden of the Belmont Correctional Institution to respond to his numerous requests for public records.  He also seeks an award of statutory damages.

{¶2}   The warden has filed an answer and a motion for judgment on the pleadings.  R.C. 2969.25 sets forth several procedural mandates that an inmate must comply with as a prerequisite for bringing a valid civil action complaint.  Cvijetinovic's complaint includes an affidavit of indigency and seeks waiver of prepayment of the court's filing fees.  In the motion for judgment on the pleadings, the warden argues that Cvijetinovic failed to comply with R.C. 2969.25(C), which requires an affidavit of indigency to be filed in order to have prepayment of full filing fees waived.  More specifically, the warden argues that Cvijetinovic failed to include a certified statement from the prison cashier setting forth the balance in his private account for each of the preceding six months, which is required under the statute.

{¶3}   This court has stated, "[t]he requirements of R.C. 2969.25 are mandatory." *State ex rel. Buoscio v. Evans*, 7th Dist. No. 03 MA 43, 2004-Ohio-192, at ¶5, citing *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594.  Failure to comply is "a sufficient reason to deny the writ, deny indigency status, and assess costs against the petitioner." *State ex rel. Myrieckes v. Gallagher*, 8th Dist. No. 93477, 2009-Ohio-3272, at ¶4, citing *State ex rel. Palmer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, at ¶5-7; see, also, *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 724 N.E.2d 420.

{¶4}   In this instance, Cvijetinovic attached a statement which appears to be from the Southern Ohio Correctional Facility setting forth the balance in his private account for each of the preceding six months.  However, the statement is not certified by the prison cashier as required by R.C. 2969.25(C).  Consequently, Cvijetinovic fails to satisfy R.C. 2969.25(C) and his complaint is

dismissed. *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438 (affirming court of appeal's dismissal of mandamus complaint because statement of inmate account was not certified by the prison cashier).

**{¶5}** Costs taxed against Cvijetinovic. Final order. Clerk to serve notice as provided by the Civil Rules.

Donofrio, J. concurs.

Vukovich, J. concurs.

Waite, P.J. concurs.