[Cite as *State ex rel. Simpson v. Bradley*, 2019-Ohio-1620.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Donovan E. Simpson, | : | |
| Petitioner, | : | |
| v. | : | No. 18AP-1002 |
| Warden Charles Bradley Pickaway Correctional Institution, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 30, 2019

**On brief**: *Donovan E. Simpson*, pro se.

IN HABEAS CORPUS

BROWN, J.

{¶ 1} Petitioner, Donovan E. Simpson, has filed an original action requesting this court issue a writ of habeas corpus ordering respondent, Charles Bradley, Warden at Pickaway Correctional Institution, to release him from confinement.

{¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss the action because petitioner failed to comply with the requirements of R.C. 2969.25(C). The magistrate further recommended that, because petitioner did not prevail and did not establish indigency, this court should order petitioner to pay the costs of the proceedings. No objections have been filed to that decision.

{¶ 3}    Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we dismiss the complaint and order petitioner to pay the costs of these proceedings.

*Action dismissed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____

[Cite as *State ex rel. Simpson v. Bradley*, 2019-Ohio-1620.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Donovan E. Simpson, | : | |
| Petitioner, | : | |
| v. | : | No. 18AP-1002 |
| Warden Charles Bradley<br>Pickaway Correctional Institution, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## MAGISTRATE'S DECISION

### Rendered on January 10, 2019

*Donovan E. Simpson,* pro se.

## IN HABEAS CORPUS
## ON SUA SPONTE DISMISSAL

{¶ 4} Relator, Donovan E. Simpson, has filed this original action asking this court to issue a writ of habeas corpus ordering Charles Bradley, Warden at the Pickaway Correctional Institution, to release him from confinement.

Findings of Fact:

{¶ 5} 1. Relator is an inmate currently incarcerated at Pickaway Correctional Institution.

{¶ 6} 2. At the time he filed this action, relator filed an affidavit of indigence; however, he failed to attach thereto a certified copy which includes the amount in his inmate account for the six months preceding the filing of the action.

<u>Conclusions of Law</u>:

{¶ 7}   The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 8}   In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]   Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 9}   Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action.   *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 10}  In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C).  Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 11} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

> In affirming the judgment of the appellate court, the Supreme Court stated:
>
> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 12} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE  
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).