[Cite as *State ex rel. Gerald v. Court of Claims*, 2020-Ohio-687.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jeremy Gerald, | : | |
| Relator, | : | |
| v. | : | No. 19AP-778 |
| Court of Claims, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on February 27, 2020

**On brief:** *Jeremy Gerald,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

LUPER SCHUSTER, J.

{¶ 1} Relator, Jeremy Gerald, has filed an original action requesting this court issue a writ of mandamus ordering respondent, Ohio Court of Claims, to permit an action that he filed with certain other inmates to proceed in that court.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss the action. The magistrate concluded that this action should be sua sponte dismissed because relator failed to comply with the requirements of R.C. 2969.25(C). Specifically, the magistrate found that relator failed to include with his complaint a statement of his inmate account for each of the preceding six months as certified by the institutional cashier. The magistrate further recommended that, because relator did not establish indigency, this court should order him to pay the costs of these proceedings. Subsequent to the filing of the magistrate's decision, respondent filed a

motion to dismiss pursuant to Civ.R. 12(B)(6). No objections to the magistrate's decision have been filed.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's recommendation, we dismiss the complaint and order relator to pay the costs of these proceedings. Respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) is moot.

*Action dismissed.*

SADLER, P.J., and DORRIAN, J., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jeremy Gerald, | : | |
| Relator, | : | |
| v. | : | No. 19AP-778 |
| Court of Claims, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 10, 2019

*Jeremy Gerald,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4}   Relator, Jeremy Gerald, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Court of Claims, to permit an action he filed along with certain other inmates to proceed in that court.

Findings of Fact:

{¶ 5}   1. Relator is an inmate currently incarcerated at Lebanon Correctional Institution.

{¶ 6}   2. According to his complaint, he and four other inmates filed a tort action in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction.

{¶ 7} 3. According to relator, shortly after their complaint was filed, they were relocated within the prison, are no longer near each other, and are unable to communicate with each other.

{¶ 8} 4. Relator received notice from the Court of Claims that the court would not accept their poverty affidavits as they did not include a certified cashier's statement signed by the institutional cashier.

{¶ 9} 5. Relator asserts that he filed a motion to reconsider which the court denied.

{¶ 10} 6. Inasmuch as he is unable to communicate with the other inmates involved in the action, he has brought this petition for a writ of mandamus here to challenge the Court of Claims' refusal to accept their poverty affidavit without a certified copy from the institutional cashier of the amounts in their accounts for the preceding six months.

{¶ 11} 7. At the time he filed this mandamus action, relator filed an affidavit of income and expenses; however, relator did not file a statement of his inmate account for each of the preceding six months as certified by the institutional cashier.

Conclusions of Law:

{¶ 12} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel.*

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

*Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 15} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 16} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 17} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account

of the inmate for each of the preceding six months, as certified by the institutional cashier."

Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 18} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint.  Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).