[Cite as *State ex rel. Whitt v. Givens*, 2020-Ohio-750.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. STEPHEN H. WHITT | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JASON GIVENS, PROSECUTOR OF | : | Case No. 2020CA0001 |
| COSHOCTON, OHIO, COSHOCTON | : | |
| COUNTY, OHIO & STATE OF OHIO | : | O P I N I O N |
| | : | |
| Respondents | : | |

CHARACTER OF PROCEEDING:          Writ of Mandamus and Prohibition

JUDGMENT:          Dismissed

DATE OF JUDGMENT:          February 28, 2020

APPEARANCES:

For Petitioner                                    For Respondents

STEPEHN H. WHITT #A629461
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH  45601

*Wise, Earle, J.*

{¶ 1}  On February 14, 2020, Stephen H. Whitt filed a Petition for Writ of Mandamus and Prohibition. It is not clear the exact relief requested by Mr. Whitt, but it appears he claims he is entitled to mandamus/prohibition because a witness at his trial allegedly lied to teachers, social workers, and law enforcement. Without this testimony, Mr. Whitt claims he would have been acquitted of the charged offenses.

{¶ 2}  It is not necessary for the Court to address the arguments raised by Mr. Whitt because he failed to comply with the procedural requirements for a mandamus/prohibition complaint as set forth in R.C. 2969.25. Under Ohio Supreme Court precedent, "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." (Citations omitted.) *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Noncompliance with R.C. 2969.25 warrants dismissal. *State ex rel. Graham v. Niemeyer*, 106 Ohio St.3d 466, 2005-Ohio-5522, 835 N.E.2d 1250, ¶ 5.

{¶ 3}  Here, Mr. Whitt failed to comply with sections (A)(1)-(4) of R.C. 2969.25, which requires an inmate to file an affidavit that contains a description of each civil action or appeal action the inmate filed in the previous five years in any state or federal court. We are aware of at least one action filed by Mr. Whitt within the past five years: *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71. Mr. Whitt failed to file the required affidavit listing this civil action, and for this reason, we sua sponte dismiss his Petition. *See State ex rel. Norris v. Giavasis*, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶ 2 (Ohio Supreme Court affirmed sua sponte dismissal of writ of

mandamus for failure to comply with R.C. 2969.25(A)) and *State ex rel. Fleming v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 03AP-1279, 2006-Ohio-941, ¶¶ 4-5 (Court of appeals overruled objections and adopted magistrate's decision that sua sponte dismissed writ of prohibition for failure to comply with R.C. 2969.25(A)).

{¶ 4}   Further, section (C) of R.C. 2969.25 requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

{¶ 5}   Mr. Whitt attached an Affidavit of Indigence to his Petition for Writ of Mandamus and Prohibition asking the Court to waive the filing fee and security deposit, but did not attach the required balance statement certified by the institutional cashier. Having failed to comply with R.C. 2969.25(C), this also serves as an independent basis to sua sponte dismiss Mr. Whitt's Petition. *See State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶5 (Ohio Supreme Court affirmed sua sponte dismissal of writ of mandamus for failure to comply with R.C. 2969.25(C)) and *State ex rel. Evans v. McGrath*, 10th Dist. Franklin No. 16AP-238, 2016-Ohio-8348, ¶¶ 6-7 (Court of appeals overruled objections and adopted magistrate's decision that sua sponte dismissed writ of prohibition for failure to comply with R.C. 2969.25(C)).

{¶ 6}   Mr. Whitt's failure to comply with R.C. 2969.25(A)(1)-(4) and (C) require sua sponte dismissal of his Petition for Writ of Mandamus and Prohibition.

{¶ 7}   The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 8}   PETITION SUA SPONTE DISMISSED.

{¶ 9}   COSTS TO RELATOR.

{¶ 10} IT IS SO ORDERED.

By Earle E. Wise, Jr., J.

Gwin, P.J. and

Delaney, J. concur.


EEW/