[Cite as *State ex rel. Hunt v. Ohio Adult Parole Auth.*, 2020-Ohio-3261.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ricky Lee Hunt, | : | |
| Relator, | : | |
| v. | : | No. 20AP-35 |
| Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on June 9, 2020

**On brief:** *Ricky Lee Hunt*, pro se.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Ricky Lee Hunt, filed this mandamus action requesting this court to issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to reconsider his parole eligibility.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court sua sponte dismiss relator's request for a writ of mandamus.

{¶ 3} Relator has filed the following objections to the magistrate's decision:

> Relator specifically objects to the Magistrates factual findings and legal conclusion to wit: That Relator Hunt, failed to provide a certified statement of the amount in his inmate account for each of the preceding six months prior to the filing of his petition for Writ of Mandamus, and; that he failed to provide a certified statement of all other cash and things of value owned by Mr. Hunt.

{¶ 4}  R.C. 2969.25(C) requires:

If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 5}  The magistrate found that "[a]lthough relator indicated that he was going to attach a certified statement of the amount in his inmate account for each of the preceding six months, relator failed to do so."  (Appended Mag. Decision at ¶ 15.)  Relator objects to this finding.

{¶ 6}  Our review of the record reveals that relator did indeed attach to his complaint, and file the same day as his complaint, a document titled "Inmate Demand Statement" which reveals the balance in his account for each of the preceding six months prior to filing his complaint.  The date range indicated on the inmate demand statement is "06/17/2019 Through 12/18/2019."  The complaint was filed January 14, 2020.  At the upper right corner of the inmate demand statement is a stamped certification and a signature which reads: " 'I certify this document is a true and accurate account of the inmate's financial record on file in my office.' /s Rose West 12.17.19 account clerk cashier's office." As relevant here, relator also filed with his complaint two affidavits.  The affidavit of indigency states:

I, Ricky Hunt, 159626, having been first duly sworn And cautioned as to the penalties for perjury, hereby deposes and says the following:

1. That I am incarcerated at the North Central Correctional Complex (NCCC), 670 Marion-Williamsport Road East, Marion [Marion County], Ohio 43301, pursuant to the

conviction and sentence imposed upon me by the Court of Common Pleas of <u>Summit</u> County, Ohio;

2. That I earn <u>$20.00</u> monthly from my prison employment;

3. That as a result of this incarceration, I have no money to pay for representation or secure costs in this matter;

4. *That I have no bank accounts, bonds, real property or equity therein which to satisfy the costs of maintaining this action*;

5. That I am a true pauper according to the laws of the State of Ohio and of the United States of America;

6. And further, <u>Ricky Hunt, 159626</u>, Affiant herein, says not.

(Emphasis added.)

{¶ 7} The affidavit for waiver of prepayment of the court's full filing fee or costs states:

I, Ricky Lee Hunt, am the Petitioner in the above captioned Civil Action for Writ of Mandamus, and declare under penalty of perjury that I am unable to pay the full filing fee and costs of these proceedings and that I am entitled as a matter of law to the relief requested in [t]his petition.

In support of this affidavit, I declare under the penalty of perjury that:

1.) That I am an inmate incarcerated at the North Central Correctional Complex located at Marion, Ohio.

2.) I have attached to this affidavit a certified Inmate Demand Statement by the institutional cashier, Rose West, showing all receipts, expenditures and balances for the past six (6) month period beginning in June 2019 and ending in December 2019.

3.) That I earn $20.00 per month from my institutional job assignment as a porter.

4.) *That in the past 12 months I have occasionally received small monetary gifts from a friend in various amounts. Please see Inmate demand Statement.*

5.) *That I do not receive any other income from any other source and do not expect to receive any income from any source in the future.*

6.) *That I do not own any assets of value*; and

7.) That I have in my institutional account at this time $19.08.

Further, the Affiant sayeth naught.

(Emphasis added.)

{¶ 8} At paragraph 4 of the affidavit, relator refers to the inmate demand statement. The inmate demand statement includes the following entries which appear to reveal the "small monetary gifts from a friend in various amounts:"

Inmate Demand Statement

"I certify this document is a true and accurate account of the inmates financial record on file in my office" Rose West 12.17.19 Account Clerk.

* * *

Date Range: 06/17/2019  Through  12/18/2019

* * *

07/18/2019  $40.00  OffConnect Kiosk Deposit [77820] / burgess, kathy

* * *

08/14/2019 $50.00 JPay MoneyOrders [10456] / Harris, Laverne

08/15/2019 $40.00 OffConnect Kiosk Deposit [78142] / burgess, kathy

* * *

09/01/2019 $50.00 OffConnect Kiosk Deposit [78446] / burgess, kathy

* * *

09/22/2019 $100.00 OffConnect Kiosk Deposit [78755] / burgess, kathy

* * *

11/05/2019 $40.00 OffConnect Kiosk Deposit [79129] / burgess, kathy

* * *

12/03/2019 $50.00 OffConnect Kiosk Deposit [79549] / burgess, kathy

* * *

12/10/2019 $40.00 OffConnect Kiosk Deposit [79627] / burgess, kathy

* * *

12/11/2019 $50.00 JPay MoneyOrders [10938] / Harris, Laverne

* * *

Earned Prisoner Compensation  EPC Funds * * * $140.50

(Emphasis omitted.)

{¶ 9} Taking all this into consideration, we sustain relator's objections to the magistrate's decision and find that relator has complied with the requirements of R.C. 2969.25(C). We do not adopt the magistrate's recommendation to sua sponte dismiss this complaint on the grounds outlined by the magistrate for non-compliance with R.C. 2969.25(C).

{¶ 10} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we do not find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore sustain relator's objections to the magistrate's decision. We do not adopt the magistrate's decision as our own. Rather, we enter the findings of fact and apply the law as indicated

herein.  Accordingly, we remand this case to the magistrate to permit respondent to file motions, if any, and/or answers to the complaint and for further consideration of the same.

*Objections sustained;*
*action remanded to the magistrate.*

SADLER, P.J., and BEATTY BLUNT, J., concur.

————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ricky Lee Hunt, | : | |
| Relator, | : | |
| v. | : | No.  20AP-35 |
| Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 28, 2020

*Ricky Lee Hunt,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 11} Relator, Ricky Lee Hunt, has filed this original action requesting this court issue a writ of mandamus ordering respondent the Ohio Adult Parole Authority ("OAPA") to reconsider his eligibility for parole.

<u>Findings of Fact</u>:

{¶ 12} 1. Relator is an inmate currently incarcerated at North Central Correctional Complex.

{¶ 13} 2. Relator filed this mandamus action on January 14, 2020.

{¶ 14} 3. At the time he filed this mandamus action, relator filed an affidavit of indigency wherein he indicated that he earns $20 per month from his prison employment.

{¶ 15} 4. At the time he filed this mandamus action, relator also filed an affidavit for the waiver of prepayment of court costs. In that affidavit, relator indicated that he currently had $19.08 in his inmate account and further that, in the past 12 months he occasionally received small monetary gifts from a friend. Although relator indicated that he was going to attach a certified statement of the amount in his inmate account for each of the preceding six months, relator failed to do so.

Conclusions of Law:

{¶ 16} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 17} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 18} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 19} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 20} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 21} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 22} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did

not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).