**[Cite as *State ex rel. Hatfield v. French*, 2020-Ohio-5202.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Todd L. Hatfield,      :

         Relator,            :

v.                            :            No. 20AP-97

Judge Jenifer French of the          :          (REGULAR CALENDAR)
Franklin County Court of Common Pleas,

                                           :

         Respondent.               

                                           :

D E C I S I O N

Rendered on November 5, 2020

**On brief:** *Todd L. Hatfield*, pro se.

IN MANDAMUS
ON OBJECTION TO MAGISTRATE'S DECISION

SADLER, P.J.

{¶ 1} Relator, Todd L. Hatfield, filed an original action requesting this court issue a writ of mandamus ordering respondent, Judge Jenifer French of the Franklin County Court of Common Pleas, to complete certain acts he alleges were not performed.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R.13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law, on February 26, 2020. The magistrate determined that at the time relator filed his complaint, he failed to file a certified copy of the amounts in his inmate account for each of the six months preceding the filing of his complaint as required by R.C. 2969.25(C). As compliance with R.C. 2969.25 is mandatory, the magistrate recommended this court sua sponte dismiss the complaint.

{¶ 3}   On March 6, 2020, relator filed an objection to the magistrate's decision, arguing that a certified copy of the amounts in his account for each of the six months preceding the filing of this action was included with his complaint in compliance with R.C. 2969.25(C).

{¶ 4}   R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint * * * an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 5}   Our review of the record reveals that relator did attach to his complaint and filed the same day as his complaint, a document titled "Inmate Demand Statement" that listed the balance in his account for each of the preceding six months.  The date range indicated in the inmate demand statement is July 23, 2019 through January 24, 2020.  The complaint was filed on February 13, 2020.  The financial associate supervisor of the cashier's office signed the document on January 23, 2020.  The bottom right of the inmate demand statement reads, "I certify this document is a true and accurate account of the inmate's financial record on file in my office."  (Inmate Demand Statement at 5, attached to Feb. 13, 2020 Compl.)  This document goes on to include deposits and entries in relator's inmate account for each of the six months preceding the filing of his complaint.

{¶ 6}   Relator also included a certificate completed by the institution of incarceration signed by an authorized officer dated January 23, 2020.  The certificate reads:

> I certify that the applicant named herein has the sum of $84.89 on account to his/her credit at * * * MCI.  I further certify that during the past six months the applicant's average monthly balance was $75.78 and the applicant's average monthly deposits were $178.66.  I have attached a certified copy of the applicant's prison trust fund account statement showing at least the past six months' transactions.

> I further certify that the applicant does/does not [sic] have a secondary savings account(s), such as a certificate of deposit or a savings bond.  The secondary account(s) balance is $0.

(Certificate, attached to Feb. 13, 2020 Compl.)

{¶ 7}  Following a review of the magistrate's decision and an independent review of the record, we find relator complied with the requirements of R.C. 2969.25(C).  We sustain relator's objection and reject the magistrate's recommendation to sua sponte dismiss the complaint.  Accordingly, we remand this matter to the magistrate for further proceedings consistent with law and this decision.

*Objection sustained*;
*action remanded to magistrate.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Todd L. Hatfield,                    :

      Relator,                                          :

v.                                                                 :                    No. 20AP-97

Judge Jenifer French of the Franklin       :                    (REGULAR CALENDAR)
County Common Pleas Court,
                                                                   :
      Respondent.
                                                                   :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 26, 2020

*Todd L. Hatfield,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 8}   Relator, Todd L. Hatfield, has filed this original action requesting this court issue a writ of mandamus ordering the Honorable Jenifer French, a judge of the Franklin County Court of Common Pleas, to perform certain acts which relator believes she failed to perform.

Findings of Fact:

{¶ 9}   1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 10}   2. When relator filed this mandamus action on February 13, 2020, relator sought a waiver of the prepayment of full court costs pursuant to R.C. 2969.25(C). Relator attached thereto a document indicating that his average monthly deposits were $178.66.

{¶ 11} 3. At the time he filed this complaint, relator did not file a certified copy of the amounts in his inmate account for each of the six months preceding the filing of his complaint.

Conclusions of Law:

{¶ 12} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 15} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex*

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

*rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 16} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 17} In affirming the judgment of the appellate court, the Supreme Court stated:

"The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 18} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).