[Cite as *State ex rel. Chester v. Doherty*, 2023-Ohio-2921.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>ISAAC CHESTER,<br><br>Relator,<br><br>- vs -<br><br>THE HONORABLE:<br>BECKY L. DOHERTY,<br><br>Respondent. | CASE NO. 2023-P-0038<br><br>Original Action for Mandamus |

**P E R   C U R I A M**
**O P I N I O N**

Decided: August 21, 2023
Judgment: Petition dismissed

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Institution, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator)

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}    Relator, Isaac Chester, filed a Petition for Writ of Mandamus on June 5, 2023. This Court issued an alternative writ directing respondent to move, plead or otherwise respond to the filing.

{¶2}    On July 13, 2023, respondent filed a Motion to Dismiss. Respondent argues for dismissal on two grounds: first, because relator has failed to state a claim upon which relief can be granted; second, because relator has not sought the proper writ. We need

not address the merits of respondent's motion. Respondent's motion to dismiss is rendered moot by this opinion's disposition. Relator's Petition for Writ of Mandamus is dismissed, sua sponte, without prejudice for relator's failure to comply with R.C. 2969.25(C). That statute provides:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> > (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
> >
> > (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶3} The requirements of R.C. 2969.25(C) are mandatory and failure to comply with them mandates dismissal of an inmate's mandamus petition. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4*; State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997). Neither "substantial compliance" nor a belated affidavit can remedy such a failure. *Id.*

{¶4} Here, relator filed an Affidavit of Indigency. However, relator's affidavit only states that he is indigent and cannot afford the court's filing fees and costs. Further, relator failed to file an affidavit of waiver. These failures are not curable and substantial compliance will not suffice. Relator's failure to comply with R.C. 2969.25(C) serves as an independent basis to sua sponte dismiss his petition.

2

See *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶ 5 (Ohio Supreme Court affirmed sua sponte dismissal of writ of mandamus for failure to comply with R.C. 2969.25(C)) and *State ex rel. Evans v. McGrath*, 10th Dist. Franklin No. 16AP-238, 2016-Ohio-8348, ¶¶ 6-7 (Court of appeals overruled objections and adopted magistrate's decision that sua sponte dismissed writ of prohibition for failure to comply with R.C. 2969.25(C)).

{¶5}    Respondent's motion to dismiss is rendered moot. Relator's Petition for Writ of Mandamus is dismissed, sua sponte, without prejudice.


JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., ROBERT J. PATTON, J., concur.