[Cite as *State ex rel. Wolfe v. Ohio Adult Parole Auth.*, 2017-Ohio-5658.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 17AP-186 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on June 30, 2017

---

**On brief:** *Javelen Wolfe*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Thomas E. Madden*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Javelen Wolfe, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to conduct a parole board hearing that complies with R.C. 2967.03.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. As the magistrate noted, Wolfe filed his original action on March 14, 2017 along with a motion for leave to proceed in forma pauperis and an affidavit of indigency executed March 8, 2017. Among other documents he submitted, Wolfe also filed a document captioned "Madison Correctional Institution, Inmate Demand Statement" with a date range of July 30, 2016 through January 31, 2017. Under R.C. 2969.25(C), the statement of the inmate account must be

"for each of the preceding six months, as certified by the institutional cashier."  R.C. 2969.25(C)(1).  The magistrate concluded that Wolfe failed to satisfy the mandatory filing requirements of R.C. 2969.25(C) because he failed to include a statement of the institutional cashier setting forth the balance of his inmate account for the month of February 2017.  Thus, in a March 27, 2017 decision, the magistrate recommended sua sponte dismissal of the action.

{¶ 3}  Wolfe filed objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b), arguing that because the institutional clerk certified his inmate statement during the month of February 2017, he made a good-faith effort to comply with the filing requirements of R.C. 2969.25(C) even though the inmate statement did not set forth the balance of his account for any period of time during the month of February 2017.  Additionally, Wolfe filed a motion for summary judgment on May 23, 2017.

{¶ 4}  As the Supreme Court of Ohio has held, "[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint."  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).  The magistrate relied on the Supreme Court's decision in *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507 in determining Wolfe did not comply with R.C. 2969.25(C) when he filed this action.  In *Pamer*, the Supreme Court of Ohio held R.C. 2969.25(C)(1) warranted dismissal of an inmate's complaint in mandamus where the inmate filed his action on September 19, 2005 but the statement of his inmate account covered the time period from March 1, 2005 through August 1, 2005.  The court reasoned that because the inmate did not set forth the account balance for "the month immediately preceding his mandamus complaint," August 2005, the inmate did not comply with the requirement in R.C. 2969.25(C)(1) that the statement of account set forth the balance in the inmate's account for each of the preceding six months.  *Pamer* at ¶ 5.

{¶ 5}  We agree with the magistrate that *Pamer* is binding here as the facts in *Pamer* are nearly identical to the facts in the present case.  Like the inmate in *Pamer*, Wolfe failed to provide a statement of the balance of his inmate account for the month immediately preceding his mandamus complaint.  Wolfe filed his complaint on March 14, 2017 but did not provide the balance of his inmate account for the month of February

2017. Thus, Wolfe did not comply with R.C. 2969.25(C)(1). Moreover, to the extent Wolfe argues he substantially complied with the requirements of R.C. 2969.25(C) because he requested and received his statement of inmate account during the month of February 2017, we note that Wolfe does not explain the month-long delay between the time he prepared his affidavit and obtained his certified statement of account and when he filed his action.

{¶ 6} We find the magistrate discerned the pertinent facts and properly applied the relevant law to those facts. Because Wolfe did not comply with R.C. 2969.25(C)(1), we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law.

{¶ 7} Accordingly, having adopted the magistrate's decision as our own, we overrule Wolfe's objections to the magistrate's decision. Our adoption of the magistrate's decision renders moot Wolfe's motion for summary judgment filed May 23, 2017. In accordance with the magistrate's decision, we sua sponte dismiss Wolfe's request for a writ of mandamus.

*Objections overruled; motion moot; case dismissed.*

BROWN and DORRIAN, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 17AP-186 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

**Rendered on March 27, 2017**

*Javelen Wolfe,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 8}  In this original action, relator, Javelen Wolfe, an inmate of the Madison Correctional Institution ("MCI") requests that a writ of mandamus issue against respondent, Ohio Adult Parole Authority ("OAPA").

Findings of Fact:

{¶ 9}  1. On March 14, 2017, relator, an MCI inmate, filed this original action against respondent. Relator requests that the writ order respondent to conduct another parole board hearing that complies with R.C. 2967.03.

{¶ 10}  2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 11} 3.  With his complaint, relator filed a motion for leave to proceed in forma pauperis.  The motion is supported by an affidavit showing indigency which relator executed before a notary on March 8, 2017.

{¶ 12} 4.  With his complaint, relator filed an affidavit of indigency and waiver of the prepayment of this court's full filing fees.

{¶ 13} 5. With his complaint, relator filed a four-page document captioned "Madison Correctional Institution, Inmate Demand Statement" ("IDS").

{¶ 14} Just underneath the caption at page one, the IDS states "Date Range: 07/30/2016 Through 01/31/2017."

{¶ 15} Thereunder, the IDS presents transaction entries beginning with the first entry on 08/01/2016 and ending with the last entry on 01/20/2017.  Some 40 entries are listed in chronological order.

{¶ 16} Following the four-page IDS is a page containing the certification of the MCI institutional cashier.  Among other listed information, the certification page indicates "Average Monthly Deposits" of $22.75 from "7/31/2016" to "1/31/2017."

{¶ 17} 6.  With his complaint, relator also filed a document containing the caption "Affidavit for filing other civil actions."  Thereunder, relator endeavors to describe six civil actions he has filed.

Conclusions of Law:

{¶ 18}  It is the magistrate's decision that this court sua sponte dismiss this action for relator's failure to satisfy the mandatory filing requirements set forth at R.C. 2969.25(C).

{¶ 19}  R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 20} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio had occasion to apply R.C. 2969.25(C)(1) to the cashier statement at issue in that case. George D. Pamer had filed a mandamus action on September 19, 2005 in the Court of Appeals for Medina County. In affirming the judgment of the Medina County Court of Appeals, the Supreme Court explained:

> Pamer moved for waiver of the prepayment of fees to file his mandamus action and submitted an affidavit of indigency and a statement certified by his prison cashier showing his inmate account for the period from March 1, 2005, through August 1, 2005.
>
> On October 14, 2005, the court of appeals dismissed Pamer's complaint for failure to comply with the requirements of R.C. 2969.25(C). The court of appeals also ordered Pamer to pay costs.
>
> We affirm the judgment of the court of appeals. Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005 Ohio 6184, 837 N.E.2d 777, P5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and he did not establish his indigency, the court of appeals did not abuse its

> discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 2001 Ohio 197, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at 493.

{¶ 21} The *Pamer* case is instructive here. Because relator filed this original action on March 14, 2017, he was required by R.C. 2969.25(C) to file with his complaint a statement of the institutional cashier setting forth the balance in his inmate account "for each of the preceding six months," which includes February 2017. That is, February 2017 is clearly one of the six months preceding the filing of the complaint. However, the institutional cashier statement at issue here does not set forth the balance of the account for February 2017.

{¶ 22} Based on *Pamer*, the magistrate concludes that relator failed to satisfy the mandatory filing requirements of R.C. 2969.25(C)(1). *See Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079. Therefore, this court must dismiss this action. *Pamer.*

{¶ 23} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

### NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).