[Cite as *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-338.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Richard Swanson, | : | |
| Relator, | : | No. 20AP-151 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 5, 2020

**On brief:** *Richard Swanson*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS

DORRIAN, P.J.

{¶ 1} Relator, Richard Swanson, filed an original action on March 12, 2020 requesting this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to correct the expiration date of his sentence. At the same time, he submitted a six-month inmate account statement certified as of February 12, 2020.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth Appellate District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. Notwithstanding the fact that respondent did not file a motion to dismiss, the magistrate recommended this court sua sponte dismiss the complaint, noting that compliance with R.C. 2969.25 is mandatory. The magistrate determined that at the time relator filed his complaint, "[he] did not set forth the account

balance for the month immediately preceding the filing of this mandamus complaint—March [sic]."[1]  (Appended Mag.'s Dec. at ¶ 46.)

{¶ 3}    The magistrate's decision was filed on April 6, 2020.  Relator filed a motion for leave to amend on June 1, 2020, requesting leave to amend his statement by providing an updated account statement that sets forth the balance of his inmate account through April 14, 2020.  However, relator did not file an objection to the magistrate's decision.  Nevertheless, because we find an error or other defect on the face of the magistrate's decision, we do not adopt the magistrate's conclusions of law or recommendation to sua sponte dismiss relator's complaint.

{¶ 4}    R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint * * * an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> 1. A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> 2. A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 5}    Compliance with the requirements of R.C. 2969.25 is mandatory and cannot be cured by a subsequent filing.  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.  Nevertheless, it is not necessary for us to determine whether to grant relator leave to amend his cashier statement because we find that the statement attached to the original filing—which covered relator's account balance through February 13, 2020—complied with the requirements of R.C. 2969.25(C).

{¶ 6}    In the present case, relator filed a complaint on March 12, 2020.  Relator's account statement filed with the complaint covered through February 12, 2020.  (The

---

[1] It appears, based on the reasoning of the magistrate, that the magistrate misstated March, but intended to state February, as the alleged deficient month.

prison cashier certified that the statement was for a full six months—and not "[f]ewer than six months"—for a period ending "as of 02/12/2020." Although the detail she attached to that certification ran from August 19, 2019 through February 13, 2020, we take it that the certification itself was full and accurate for the period August 12, 2019 through February 12, 2020.) The magistrate nonetheless found relator "did not set forth the account balance for the month immediately preceding the filing of this mandamus complaint," which the magistrate misstated as March rather than February. ( Appended Mag's. Dec. at ¶ 46.) In concluding that the original account statement was non-compliant in this way, the magistrate relied on the Supreme Court of Ohio's decision in *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507. For the reasons that follow, we do not find *Pamer* determinative of the outcome under these facts, and we find relator's account statement and cashier's original certification submission to comply with what the law requires.

{¶ 7} We preface our discussion of *Pamer* with an examination of language used in R.C. 2969.25(C)(1). As noted above, R.C. 2969.25(C)(1) requires a statement setting forth the balance in the inmate account of the inmate "for each of the preceding six months," as certified by the institutional cashier. Although the magistrate did not use the term "calendar month," by her interpretation of R.C. 2969.25(C)(1) and application of *Pamer* to the facts before us, the magistrate suggested that "each of the preceding six months" means each of the preceding six *calendar* months; her analysis appears to have been that the account statement needed to run through all of February in order to permit the March 12, 2020 filing. However, the statute does not say that.

{¶ 8} "In cases of statutory construction, the words used in a statute will be accorded their common, everyday meaning unless a contrary intent is expressed." *State v. Wells*, 91 Ohio St.3d 32, 34 (2001), citing R.C. 1.42. " 'To determine the common, everyday meaning of a word, we have consistently used dictionary definitions.' " *State v. D.H.*, 10th Dist. No. 16AP-501, 2018-Ohio-559, ¶ 38, quoting *Wells* at 34. When the statute's meaning is clear and unambiguous, we apply the statute as written. A statute is ambiguous when it is reasonably susceptible to more than one meaning. *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, ¶ 37-39, citing *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000).

{¶ 9} At least absent further statutory instruction, the meaning of the term "month" as used in R.C. 2969.25 would be ambiguous and reasonably susceptible to more than one meaning. *Black's Law Dictionary* (11th Ed.2019), defines month as:

> **1**. One of the twelve periods of time in which the calendar is divided <the month of March>. — Also termed *calendar month*; *civil month*. **2**. Any time period approximating 30 days <due one month from today>. **3**. At common law, a period of 28 days; the period of one revolution of the moon <a lunar month>. — Also termed *lunar month*. **4**. One-twelfth of a tropical year; the time it takes the sun to pass through one sign of the zodiac, usu. approximating 30 days <a solar month>[.] — Also termed *solar month*.

(Emphasis sic.) A look at several other dictionaries reveals similar varying definitions of the term "month." *Merriam-Webster* defines the term month as "a measure of time corresponding nearly to the period of the moon's revolution and amounting to approximately 4 weeks or 30 days or $1/12$ of a year." https://www.merriam-webster.com/dictionary/month#legalDictionary (accessed Feb. 5, 2021). *Cambridge Dictionary* defines the term month as "a period of about four weeks, especially one of the twelve periods into which a year is divided." https://www.dictionary.cambridge.org/us/dictionary/english/month (accessed Feb. 5, 2021). *Dictionary.com* provides three different definitions of "month" as:

> 1. Also called calendar month. [A]ny of the twelve parts, as January or February, into which the calendar year is divided.
>
> 2. [T]he time from any day of one calendar month to the corresponding day of the next.
>
> 3. [A] period of four weeks or 30 days.

https://www.dictionary.com/browse/month?s=t (accessed Feb. 5, 2021).

{¶ 10} The General Assembly, however, has told us, in specific terms, how to compute months in counting from a particular day. R.C. 1.45 states: "**If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last**

**day of that month**." (Emphasis added.) R.C. 2969.25 tells us to look to the six months "preceding" the filing of the action (here, March 12, 2020). We thus are enjoined by law to look for an account statement covering the six-month period ending February 12, 2020. Relator provided that.

{¶ 11} We also are mindful that "[i]n construing a statute, we may not add or delete words." *In re Application of Columbus S. Power Co.*, 147 Ohio St.3d 439, 2016-Ohio-1608, ¶ 49. Contrary to this rule of statutory construction, the magistrate's interpretation, in effect, adds the word "calendar" to R.C. 2969.25(C)(1), while disregarding the instruction of R.C. 1.45.

{¶ 12} Sections 1.41 to 1.50 of the Revised Code establish general provisions that apply to all statutes, subject to the conditions stated in section 1.51 (which note that the General Assembly may deviate from those general provisions where it specifically manifests an intent to do so). Moreover " 'the General Assembly, in enacting a statute, is assumed to have been aware of other statutory provisions concerning the subject matter of the enactment even if they are found in separate sections of the Code.' " *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 26, quoting *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191-92 (1980), citing *State ex rel. Darby v. Hadaway*, 113 Ohio St. 658 (1925). In addition, the General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the General Assembly knows how to make that modification and has chosen not to make that modification in the latter part of the statute. *Id. See Maggiore v. Kovach*, 101 Ohio St.3d 184, 2004-Ohio-722, ¶ 27; *In re Election of November 7, 1995, for the Office of Member of Rock Hill Local School Dist. Bd. of Edn.*, 76 Ohio St.3d 601, 608 (1996). Finally, the Supreme Court of Ohio has held that if the General Assembly could have used a particular word in a statute but did not, the court will not add that word by judicial fiat. *Id. See In re Application of Columbus S. Power Co.*, 138 Ohio St.3d 448, 2014-Ohio-462, ¶ 26 ("The court must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly.").

{¶ 13} At numerous places within the Ohio Revised Code, the General Assembly has expressly used the term "calendar month." A search of LexisAdvance brings up at least 73 instances where a statute used the term "calendar month." Some instances are more

relevant than others. In particular, in the same chapter as the statute at issue here, R.C. Chapter 2969, the General Assembly used the term "calendar month" in R.C. 2969.22(A)(1)(c). R.C. 2969.22 addresses the procedure for inmate payment of fees assessed for the filing of civil actions. It states that "[u]nless the amount charged under division (A)(1)(b) of this section [by the clerk of courts] constitutes the total amount of the requisite fees, all income in the inmate account of the inmate shall be forwarded to the clerk of the court during each *calendar month* following the month in which the inmate filed the civil action or appeal until the total payment of the requisite fees occurs." (Emphasis added.) However, the General Assembly did not use the term "calendar month" in R.C. 2969.25(C).

{¶ 14} In several statutes that require that reports or statements be filed, the General Assembly has used the term "calendar month."[2] Again, the General Assembly did not use

---

[2] *See, e.g.*, R.C. 5735.06(A): "[o]n or before the last day of each month, each motor fuel dealer shall file with the tax commissioner a report for the preceding *calendar month*." (Emphasis added.);

R.C. 5735.063(A): "[o]n or before the last day of each month, each terminal operator shall file with the tax commissioner a report for the *preceding calendar month*." (Emphasis added.);

R.C. 5743.03(D): "[e]ach wholesale dealer who purchases cigarettes without proper tax stamps affixed thereto shall, on or before the last day of each month, make and file a return for the *preceding calendar month*." (Emphasis added.);

R.C. 5735.064(A): "[o]n or before the last day of each month, each exporter of motor fuel * * * shall file with the tax commissioner a report for the *preceding calendar month*." (Emphasis added.);

R.C. 101.74(A) and (B): "[e]ach statement shall describe each financial transaction that occurred during the *four-calendar-month period* that ended on the last day of the month immediately preceding the month in which the statement is required to be filed." (Emphasis added.); *see also* R.C. 101.94(A) and (B); 121.64(A) and (B); 101.73(D); 101.93(D); and 121.63(D);

R.C. 718.031(C)(1): "[o]n or before the tenth day of each month, the casino operator shall file a return electronically with the tax administrator of the municipal corporation, providing the name, address, and social security number of the person from whose winnings amounts were deducted and withheld, the amount of each such deduction and withholding during the *preceding calendar month*." (Emphasis added.); *see also* R.C. 718.031(E)(2);

R.C. 4303.33(C)(1): "[e]very A-2, A-2f, A-4, B-2, B-2a, B-3, B-4, B-5, and S permit holder in this state, on or before the eighteenth day of each month, shall make and file a report with the tax commissioner upon a form prescribed by the tax commissioner which report shall show, on the report of each A-2, A-2f, A-4, B-2a, and S permit holder the amount of wine, cider, and mixed beverages produced and sold, or sold in this state by each such A-2, A-2f, A-4, B-2a, and S permit holder for the next *preceding calendar month*." (Emphasis added.);

R.C. 3901.31(A): "[e]very person who is directly or indirectly the beneficial owner of more than ten per cent of any class of any equity security of a domestic stock insurance company which is not a wholly owned subsidiary of an insurance holding company system or who is a director or officer of such company, shall file with the superintendent of insurance * * * indicating the person's ownership at the close of the calendar month and such changes in the person's ownership as have occurred *during such calendar month*." (Emphasis added.);and

R.C. 4123.26(C): "[b]eginning August 1, 2015, each employer that is recognized by the administrator as a professional employer organization shall submit a monthly payroll report containing the number of employees employed during the *preceding calendar month*." (Emphasis added.).

the term "calendar month" in R.C. 2969.25(C). Rather, it left that section to be understood in light of the R.C. 1.45 computation of months provision.

{¶ 15} Furthermore, there are at least two sections of the Revised Code where the General Assembly specifically defined the term "month" as a "calendar month."[3] The General Assembly did not do the same in R.C. 2969.21 where it defined terms "[a]s used in sections 2969.21 to 2969.27." R.C. 2969.21 defines several of the terms used in R.C. 2969.25, including "[c]ivil action or appeal against a governmental entity or employee," "[e]mployee," "[i]nmate," "[i]nmate account," "[p]olitical subdivision," and "[s]tate." R.C. 2969.21(B)(2), and (C) through (G). Yet, it does not define the term "month."

{¶ 16} In *Pamer*, the complaint was filed September 19, 2005. The cashier's statement covered from March 1 through August 1, 2005. The statement therefore did not extend through August 19, but rather ended some 49 days before the complaint was filed. The Supreme Court stated "Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005." *Pamer* at ¶ 5. Because the cashier's statement ended August 1, 2005, the Supreme Court's conclusion could be interpreted as requiring that the statement cover either the period through August 19, 2005, or the full calendar month of August 2005. *Id.* With the statement having failed under either analysis, the court gave the matter no further discussion: the statement did not comply with R.C. 2969.25(C) under any definition of "month." *Pamer* is instructive in looking to the end date of the statement, but we do not understand it to dictate a result in this case different from that ordained by the R.C. 1.45 analysis.

{¶ 17} Recent precedent from our court supports the interpretation of "month" as used in R.C. 2969.25(C) consistent with R.C. 1.45. In *State ex rel. Hunt v. Ohio Adult Parole Auth.*, 10th Dist. No. 20AP-35, 2020-Ohio-3261, we credited a prison cashier's certification extending through December 18 for a complaint filed January 14; we did not require the certification go through the complete month of December. Similarly, in *State ex rel. Hatfield v. French*, 10th Dist. No. 20AP-97, 2020-Ohio-5202, we credited a prison cashier's certification ending January 24 in the context of a complaint filed February 13. Both the

---

[3] R.C. 5747.01(Y): " 'Month' means a calendar month"; R.C. 5733.40(F): " 'Month' means a calendar month."

*Hatfield* and *Hunt* statements met the requirements of R.C. 2969.25(C), and we did not require either statement to cover the last full calendar month.

{¶ 18} We recognize this decision, while consistent with *Hunt* and *Hatfield*, is not easily reconciled with our prior decision in *State ex rel. Thomas v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-535, 2019-Ohio-386. In *Thomas*, we adopted the magistrate's recommendation for sua sponte dismissal on the grounds relator's inmate account statement ending June 6 did not set forth the month immediately preceding the July 5 filing of his mandamus complaint.

{¶ 19} After further consideration of R.C. 2969.25(C), for the reasons set forth above, going forward, we adopt our approach set forth in *Hunt* and *Hatfield*. We interpret the term "month" in R.C. 2969.25(C) consistent with the computation of "months" set forth in R.C. 1.45. Accordingly, we accept the original cashier's certification and account statement attached to relator's complaint filed on March 12, 2020, and find the magistrate erred in sua sponte dismissing relator's complaint.

{¶ 20} Although our conclusion in this case is based on the rules of statutory construction alone, several other observations may warrant mention as to the statutory approach mandated by the General Assembly's instruction in R.C. 1.45.

{¶ 21} First, the magistrate's interpretation and application of R.C. 2969.25(C) erects significant non-statutory barriers to inmates filing a civil action. The magistrate's interpretation and application is very difficult to comply with as it would require an inmate to wait until the very end of the month to request an inmate account statement, and, even then, the inmate would have no control whatsoever over when the cashier will provide the certification and statement and what time period the cashier will cover. In addition, the magistrate's interpretation and application may require an inmate to obtain two overlapping statements in successive months from the cashier in order to comply. In some instances, the additional time required to comply could result in an inmate missing a statute of limitations or appeal deadline.

{¶ 22} Second, the consequences of the magistrate's interpretation and application results in a waste of judicial, magistrate, clerk's office, ODRC administrative, and party resources. An inmate who is able to refile (who does not miss statute of limitations or appeal deadlines) must make another request of the ODRC cashier, the cashier must

prepare another certification and statement, the inmate must refile the civil action or appeal, the clerk's office must process the refiling, the opposing party must again review the refiled civil action or appeal and respond, the court's magistrate must again consider the refiled civil action pleadings and motions and prepare a decision, the parties may again file objections to the magistrate's decision, and memorandum contra the objections, and a panel of this court must again review and determine whether to adopt, modify, or reject the magistrate's decision.

{¶ 23} Finally, although an original action with no deadline for filing may be refiled, if we were to adopt the magistrate's interpretation and application of the term "month" as used in R.C. 2969.25(C), we would set a precedent for future cases where timeliness of the filing of a civil action or an appeal thereof is critical—and dismissal for lack of compliance with the cashier's certification and account statement requirement—could result in an inmate not being able to meet a deadline for statute of limitations or a deadline for the filing of appeals if he or she has to refile.[4]

{¶ 24} Following a review of the magistrate's decision, an independent review of the record, and consideration of the relevant statutes, we find the magistrate erred on the facts and incorrectly interpreted and applied R.C. 2969.25(C). Therefore, having found it unnecessary to address relator's motion for leave to amend, we render it moot and dismiss the motion for leave to amend. We decline to adopt the magistrate's recommendation to sua sponte dismiss relator's complaint and we do not adopt the magistrate's decision. We therefore remand this case to the magistrate to proceed with review of the case pursuant to our prior referral pursuant to the authority of Civ.R. 53 and Loc.R. 13(M).

*Motion for leave to amend rendered moot and dismissed;*
*magistrate's decision and recommendation not adopted;*
*action remanded to magistrate to proceed with review.*

NELSON, J., concurs.
SADLER, J., dissents.

---

[4] For instance, where an inmate files a civil lawsuit in the common pleas court against a political subdivision or an employee of a political subdivision. In such instances, a statute of limitations would apply. Or, where an inmate appeals the ruling of a common pleas court in a lawsuit against a political subdivision or an employee of a political subdivision or an original action which originated in a common pleas court. Here, a deadline for filing of appeals would apply.

SADLER, J., dissenting.

{¶ 25} While I agree that there is an intradistrict conflict, I respectfully disagree with the majority's resolution of the same.

{¶ 26} The Supreme Court of Ohio's decision in *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, sets forth the legal framework for my analysis in this case. A brief discussion is instructive. In *Pamer*, relator filed his mandamus action on September 19, 2005 in the Court of Appeals for Medina County. Pamer moved for a waiver of the prepayment of fees to file his mandamus action submitting an affidavit of indigency and inmate account statement that covered from March 1 through August 1, 2005. The appellate court dismissed Pamer's mandamus action as it failed to meet the requirements of R.C. 2969.25(C). In a per curiam decision, the Supreme Court affirmed the judgment of the court of appeals. While Pamer's account statement included at least one day from each of the six months preceding his September mandamus action (March 1, April 1, May 1, June 1, July 1, and August 1), the Supreme Court found relator's filing deficient under R.C. 2969.25(C), as "[relator's] cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005." *Pamer* at ¶ 5.

{¶ 27} Here, like *Pamer*, relator has failed to provide a statement of account for the month immediately preceding the filing of his mandamus complaint. *See also State ex rel. Thomas v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-535, 2019-Ohio-386 (adopting the magistrate's recommendation for sua sponte dismissal as relator's inmate account statement did not set forth the month immediately preceding the filing of his mandamus complaint); *State ex rel. Wolfe v. Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-186, 2017-Ohio-5658. Because I find *Pamer* controlling precedent, I believe relator has failed to meet the mandatory requirements of R.C. 2969.25.

{¶ 28} The majority argues that *Pamer* could be interpreted to require the account statement to cover either through August 19th, 2005 or the full calendar month of August 2005. I respectfully disagree. The *Pamer* court expressly stated that the month immediately preceding the mandamus complaint was not set forth in the account statement, August 2005. *Id.* at ¶ 5. There is no reference in *Pamer* to counting the number of days between the last day of the account statement to the filing of the complaint to determine whether the period constitutes a "month." Nor does *Pamer* conclude that an account statement

through August 19, 2005 would have complied with the statute. The *Pamer* court looked at the month immediately preceding the filing of the mandamus action, identified that only one day of August was provided on the account statement, and deemed it deficient under R.C. 2969.25. Because part of the month of August was provided by the relator in *Pamer*, the only reasonable interpretation of the deficiency is concluding that the full month of August was required under R.C. 2969.25. While the majority opinion identifies a number of alternative definitions of "month," the *Pamer* court's interpretation fits neatly into the very first definition of *Black's Law Dictionary* (11th Ed.2019), defining month as "[o]ne of the twelve periods of time in which the calendar is divided <the month of March>." If the Supreme Court intended to create a counting test to determine whether a relator complied with R.C. 2969.25, it could have explicitly held such.

{¶ 29} The majority's analysis relies on the computation of "month" as set forth in R.C. 1.45. While the majority is correct that R.C. 1.45 provides a statutorily allowed method of how to calculate months in counting from a particular day, the Supreme Court has never applied R.C. 1.45 when addressing R.C. 2969.25(C). In addition to *Pamer*, the Supreme Court has only discussed full months in their analyses of R.C. 2969.25(C)(1). *See, e.g., State ex rel. Bates v. Eppinger*, 147 Ohio St.3d 355, 2016-Ohio-7452, ¶ 5 (finding relator's inmate account statement failed as it covered "the months of December 2014 through May 2015, and his petition was filed in September 2015"); *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 10 (concluding relator's account statement did not satisfy R.C. 2969.25 as "it covers the months of October 2013 through March 2014, while his petition was filed in June 2014"). As the General Assembly enacted R.C. 1.45 in 1972, the Supreme Court would have been aware of the statute and declined to apply it in this context. Because there is neither an express reference to R.C. 1.45 nor an implicit application of the statute as the preferred method of time computation, the majority's use of R.C. 1.45 to apply an alternative definition of "month" is in contravention of the *Pamer* court's analysis.

{¶ 30} The majority's application of R.C. 1.45 could also create additional ambiguities for future litigants. In this case, the complaint was filed on March 12, 2020, and the account statement was for not fewer than six months for a period ending as of February 12, 2020. The majority states it is "enjoined by law to look for an account statement covering the six-month period ending February 12, 2020." *Supra* at ¶ 10. When

discussing *Pamer*, which concerned a complaint filed on September 19, 2005, the majority opines the Supreme Court's decision could be interpreted as requiring that the statement cover "either the period through August 19, 2005, or the full calendar month of August 2005." *Supra* at ¶ 16. In my view, the language employed by the majority appears to be adopting a stringent rule requiring that account statements cover a period of time ending exactly one month prior to the complaint being filed. Yet, and somewhat inconsistently, the majority later indicates that statements that simply include the date that is one month prior to the filing of the complaint is adequate, regardless of the ending date of the statement set forth in the affidavit. The majority notes that *State ex rel. Hunt v. Ohio Adult Parole Auth.*, 10th Dist. No. 20AP-35, 2020-Ohio-3261, accepted an account statement ending on December 18 for a complaint filed on January 14 and then *State ex rel. Hatfield v. French*, 10th Dist. No. 20AP-97, 2020-Ohio-5202, accepted an account statement ending January 24 for a complaint filed on February 13. *Supra* at ¶ 17.

{¶ 31} The majority indicates that its interpretation of R.C. 2969.25 removes "nonstatutory barriers" to inmates filing a civil action. In my view, however, by construing the phrase "each of the preceding six months" in a manner that is now harder to define, the majority is adding ambiguity to an "ambiguous" portion of the statute and providing an interpretation that will likely lead to inconsistent application.[5]

{¶ 32} I recognize this opinion, while consistent with *Thomas*, is not easily reconciled with our prior decisions in *Hunt* and *Hatfield*.[6] After further consideration of R.C. 2969.25 and with briefing on the issues, I would adopt our approach set forth in

---

[5] The majority also argues that dismissal for failure to comply with R.C. 2969.25 will preclude inmates from refiling their complaints as it requires a subsequent filing with the court and notes sua sponte dismissal could bar relators if the refiled action is after the statutory period has expired. I disagree. While the statute of limitations issue has not been presented here, this court on several occasions has considered cases that were dismissed for failing to comply with R.C. 2969.25 then were considered after being refiled. *See, e.g., State ex rel. Anderson v. Sheeran*, 10th Dist. No. 18AP-613, 2019-Ohio-600, refiled in *State ex rel. Anderson v. Sherran*, 10th Dist. No. 18AP-880, 2019-Ohio-3792; *State ex. rel. Keith v. Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-583, 2018-Ohio-1711, refiled in *State ex rel. Keith v. Ohio Adult Parole Auth.*, 10th Dist. No. 18AP-509 (Dec. 4, 2020) (journal entry); *State ex rel. Wolfe v. Ohio Adult Parole Auth.*, 10th Dist. No. 15AP-1118, 2016-Ohio-1554 (dismissed sua sponte based, in part, on failing to comply with R.C. 2969.25(C)), refiled in *State ex rel. Wolfe v. Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-186, 2017-Ohio-5658.

[6] The majority contends that this court should adopt the approach set forth in *Hunt* and *Hatfield*. I respectfully contend that *Hunt* and *Hatfield* applied distinct tests to resolve R.C. 2969.25. While factually similar, *Hunt*, for the first time, seemingly discussed a totality of circumstance test to analyze R.C. 2969.25, whereas *Hatfield* applied a counting test similar to the methodology presented by the majority. For the reasons stated in the body of the dissenting opinion, I respectfully disagree with these approaches.

*Thomas*, and I would interpret R.C. 2969.25(C), consistent with *Pamer*, to require that in order to qualify for a fee prepayment waiver, the inmate statement must include the inmate's account balance for each of the full six months preceding the month in which relator's complaint is filed.

{¶ 33} Finally, as recognized by the majority, a non-compliant affidavit cannot be cured by a subsequent filing. As such, I agree with the magistrate's conclusion that relator cannot cure this deficiency and would deny relator's motion for leave to amend.

{¶ 34} For the foregoing reasons, I would adopt the magistrate's decision as our own, including the findings of fact and conclusions of law, as modified herein.[7] Because the majority does otherwise, I respectfully dissent.

_____

---

[7] The majority notes that the magistrate misstated March, rather than February as the deficient month. *Supra* at fn. 1. I agree with this conclusion and would have similarly modified the findings of facts to reflect this finding.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Richard Swanson, | : | |
| Relator, | : | |
| v. | : | No.  20AP-151 |
| Ohio Department of Rehabilitation & Corrections, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 6, 2020

*Richard Swanson,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 35}  Relator, Richard Swanson, has filed this original action requesting this court issue a writ of mandamus ordering respondent the Ohio Department of Rehabilitation and Corrections Bureau of Sentence Computation to correct the expiration date of his maximum sentence.

Findings of Fact:

{¶ 36} 1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 37} 2. Relator filed this mandamus complaint on March 12, 2020.

{¶ 38} 3. At the time relator filed this complaint, he filed an affidavit of indigency and attached thereto a statement from the Marion Correctional Institution with the amounts in his inmate account for the months August 19, 2019 through February 13, 2020.

Conclusions of Law:

{¶ 39} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 40} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[8]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 41} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 42} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex*

---

[8]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> *rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio
> St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 43} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 44} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 45} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

{¶ 46} As in *Pamer*, relator here did not set forth the account balance for the month immediately preceding the filing of this mandamus complaint—March. As such, this court should sua sponte dismiss relator's mandamus complaint and, inasmuch as relator has failed to establish his indigency, relator should be ordered to pay the costs associated with the filing of this action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).