[Cite as *Grandview Hts. v. Savko*, 2024-Ohio-2139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Grandview Heights, | : | |
| Plaintiff-Appellee, | : | No. 23AP-725 |
| | | (M.C. No. 2023 ERB 72454) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Nicholas M. Savko, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 4, 2024

**On brief:** *Zachary M. Klein*, City Attorney, Melanie R. Tobias-Hunter, *Orly Ahroni*, and *David Pelletier*, for appellee. **Argued:** *David Pelletier*.

**On brief:** *Jeffrey M. Lewis Co., LPA, Jeffrey M. Lewis*, and *Evan J. Lewis*, for appellant. **Argued:** *Jeffrey M. Lewis* and *Evan J. Lewis*.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Nicholas M. Savko, appeals from a judgment of the Franklin County Municipal Court convicting him of violating plaintiff-appellee, City of Grandview Heights Ordinance ("G.H.O.") 505.04(a), the city's "dogs running at large" ordinance. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On October 3, 2023, a complaint was filed in the trial court alleging Savko violated G.H.O. 505.04(a) by knowingly permitting his dog to run at large on public property.

{¶ 3} In November 2023, the matter went to trial before the court. The operative facts were not in dispute. Savko was walking his dog on a sidewalk in Grandview Heights. The dog was wearing an electronic collar, but it was not physically connected to Savko by a leash or any

other object serving the same purpose as a leash. The electronic collar worn by Savko's dog could be activated, using a hand-held transmitter, to provide a shock or alternative stimulation to the dog for training or control purposes. The owner's manual for this electronic collar states in part that an operator can activate a "Stimulation Boosting Mode" to "provide[] instant control when normal stimulation is ignored – great for emergency situations." (Defendant's Ex. B.)

{¶ 4} After considering the evidence, the trial court found Savko guilty of violating G.H.O. 505.04(a) and ordered him to pay a fine of $50 and court costs. The trial court stayed the required payment of the fine and court costs pending an appeal.

{¶ 5} Savko timely appeals.

## II. Assignments of Error

{¶ 6} Savko assigns the following two assignments of error for our review:

[I.] The trial court erred in its interpretation of GRH 505.04.

[II.] The trial court erred in denying appellant's motion pursuant to Crim.R. 29.

## III. Discussion

{¶ 7} Because they involve related issues, we address together Savko's first and second assignments of error. Savko's first assignment of error contends the trial court erred in its interpretation of G.H.O. 505.04(a). In his second assignment of error, Savko argues the trial court erred in denying his Crim.R. 29 motion. These assignments of error are not well-taken.

{¶ 8} Savko argues the trial court erred in finding his dog was "running at large," in violation of G.H.O. 505.04(a), even though it was wearing an electronic collar that Savko remotely controlled. (Appellant's Brief at 2.) Thus, Savko generally challenges the sufficiency of the evidence to convict him of violating G.H.O. 505.04(a). Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency is a test of adequacy. *Id.* The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37.

{¶ 9}   A Crim.R. 29(A) motion also tests the sufficiency of the evidence.  Crim.R. 29(A) provides that the court, "on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."  Because a Crim.R. 29 motion for acquittal challenges the sufficiency of the evidence, we apply the same standard of review to a denial of Crim.R. 29 motion as we apply to a challenge to the sufficiency of the evidence.  *State v. Ndiaye*, 10th Dist. No. 19AP-10, 2020-Ohio-1008, ¶ 22.

{¶ 10}   Therefore, generally at issue is whether there was sufficient evidence to convict Savko of violating G.H.O. 505.04(a).  And this issue centers on the meaning of terms within this ordinance.  Statutory interpretation is a question of law subject to de novo review.  *Ohio Dept. of Adm. Servs. v. Fraternal Order of Police of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 12, citing *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 9.  In ascertaining the meaning of a statute, a court's paramount concern is legislative intent.  *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, ¶ 34, citing *State ex rel. Asberry v. Payne*, 82 Ohio St.3d 44, 47 (1998).  To discern legislative intent, a court first considers the statutory language, "reading words and phrases in context and construing them in accordance with rules of grammar and common usage."  *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, ¶ 40.  Thus, a court's duty is to give effect to the words used in a statute, not to delete or insert words.  *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10.  If a word or phrase employed in a statute is clear and unambiguous, we apply the statutory language as written.  A statute is deemed ambiguous when it is reasonably susceptible to more than one meaning.  *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 8, citing *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, ¶ 37-39, citing *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000).

{¶ 11}  G.H.O. 505.04(a) states that "[n]o person, being the owner or having charge of any dog * * * shall permit it to run at large upon any public property, including sidewalks, rights of way and streets, or upon the premises of another."  For the purpose of this ordinance, " '[a]t large' means not under control by leash, cord, chain, tether or other physical control device."  G.H.O. 505.04(b).

{¶ 12} It is undisputed that Savko's dog was on public property and not under control by "leash, cord, chain, [or] tether." At issue is whether his dog was "under control by * * * other physical control device." Savko argues his dog was under control by an electronic collar, which according to him is an "other physical control device." Savko asserts the term "other physical control device," is ambiguous and this ambiguity should be resolved in his favor to include an electronic collar. But when read in context there is no ambiguity, as this provision is only subject to one reasonable interpretation concerning whether the electronic collar in use was an acceptable means of control under the ordinance.

{¶ 13} The electronic collar Savko placed on his dog is a device, as it is a piece of equipment designed for a specific purpose. The evidence showed it is an object engineered to enable an operator, like Savko, to control his dog by using a handheld transmitter to remotely cause the electronic collar to stimulate, or shock, the dog. Such a collar may enable an owner to have some control over a dog, through training the dog or even by turning up the power and shocking it into submission. In this way, it was a "control device." But such a collar cannot reasonably be considered an "other physical control device," as that term is used in G.H.O. 505.04(b). In this ordinance, "other physical control device" is arguably vague or even ambiguous when read in isolation. The term's meaning becomes clear, however, when it is read in context and according to a rule of common usage. The statutory construction canon "ejusdem generis," a principle that "parallels common usage,"[1] provides that " '[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.' " *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001), quoting 2A N. Singer, *Sutherland Statutes and Statutory Construction*, Section 47.17 (1991).

{¶ 14} As it relates to keeping a dog under an owner's control on public property or another's premises, the ordinance's reference to a "leash, cord, chain, [or] tether," reasonably only can be construed to mean a device physically (and visibly) connecting the owner to a dog that enables the owner to have immediate and directional control. These objects also have possibly variable, but necessarily limited, length, thereby restricting the dog's permissible movement. Thus, the objects enumerated in the ordinance have certain essential

---

[1] Scalia & Garner, *Reading Law* at 199 (1st Ed.2012).

characteristics. The catch-all term, "other physical control device," when read in context, and applying common usage, means a device, like a leash, cord, chain, or tether, that physically connects the owner to the dog, enabling the owner, as desired or necessary, to direct and limit the dog's movement, such as by abruptly and forcefully pulling the dog toward the owner and away from trouble.

**{¶ 15}** Here, Savko had no connection to the electronic collar on his dog that would enable him to physically control the dog as needed, such as to pull the dog toward himself, whether for the safety of another pedestrian in the area, another animal, or the dog itself. Nor did the electronic collar physically limit his dog's range of movement or visibly assure others in the area that the dog is in fact limited in its possible range of movement. Thus, the electronic collar Savko placed on his dog did not have the same essential characteristics as the objects enumerated in the ordinance. Consequently, we conclude the electronic collar was not a device included in the definition set forth in G.H.O. 505.04(b).[2] As such, the trial court did not err in finding the evidence demonstrated Savko violated G.H.O. 505.04(a).

**{¶ 16}** Accordingly, we overrule his first and second assignments of error.

## IV. Disposition

**{¶ 17}** Having overruled Savko's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LELAND, J., concurs.
BEATTY BLUNT, J., concurs separately.

BEATTY BLUNT, J., concurring separately.

**{¶ 18}** I concur with the majority opinion based on the principles of statutory construction. However, the City of Grandview Heights may consider revising its laws to clearly delineate how this technology is to be integrated into its legal framework.

---

[2] Whether an electronic collar is an adequate means for an owner to control a dog on public property is not for this court to decide, as that is a public policy determination.